UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT GORDON GILPIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:04-cv-13 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On March 31, 2005, this court entered judgment vacating the Commissioner's decision and remanding the matter for further administrative fact finding pursuant to sentence four of 42 U.S.C. § 405(g). (docket # 12). On April 26, 2005, plaintiff's attorney filed a motion seeking an award of $2,570.90 ($2,400.00 in attorney's fees and $170.90 in "litigation expenses") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (docket # 13). Defendant opposes plaintiff's motion on the grounds that the government's position was substantially justified,[1] and alternatively, that any award in plaintiff's favor should be reduced because plaintiff's attorney seeks to be compensated for essentially clerical tasks at an hourly rate

---

[1] Defendant elected not to object to plaintiff's motion on the basis that it was premature. The judgment remanding this matter to the Commissioner did not become a "final judgment" within the meaning of the EAJA until May 31, 2005, when the government's sixty-day period within which to appeal the judgment had expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Defendant did not pursue an appeal of this court's decision.

of $150.00.² (docket # 15). Defendant's application for attorney's fees and litigation expenses pursuant to the EAJA will be denied because the court finds that defendant's litigation position was substantially justified.³

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Reasonable attorney's fees and litigation expenses may be awarded under the EAJA. 28 U.S.C. §2412(d)(2)(A). The Sixth Circuit applies an abuse-of-discretion standard when reviewing a district court's decision regarding attorney's fees under the EAJA. *See United States v. Ranger Elec. Communications, Inc.*, 210 F.3d 627, 631 (6th Cir. 2000). In order to reverse, the appellate court "must be firmly convinced that a mistake has been made." *Damron v. Commissioner*, 104 F.3d 853, 855 (6th Cir. 1997); *see Shore v. Federal Express Corp.*, 42 F.3d 373, 380 (6th Cir. 1994).

---

²The EAJA specifically provides that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

³Plaintiff's attorney did not seek to tax the costs authorized under 28 U.S.C. § 1920 as a "prevailing party" pursuant to the procedures outlined by Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.1 of the Local Rules of the Western District of Michigan.

The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 506-07 (6th Cir. 1998); *see also Green v. Commissioner*, No. 02-3002, 2002 WL 31780941, at * 1 (6th Cir. Dec. 11, 2002); *Gray v. Commissioner*, No. 00-6616, 2001 WL 1450821, at * 1 (6th Cir. Nov. 6, 2001); *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Defendant does not dispute that plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees. Therefore, the pivotal issue is whether the government's position was substantially justified. Simply obtaining a court order vacating the Commissioner's decision and remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) does not automatically entitle plaintiff to recover attorney's fees and costs. *See Green*, 2002 WL 31780941, at * 1; *Feliciano v. Commissioner*, No. 99-3070, 1999 WL 1024019 (6th Cir. Nov. 4, 1999). Under the EAJA, "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Eng'g*, 41 F.3d at 261. It is the government's burden under the EAJA to show that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

The substantial justification standard is distinct from the substantial evidence standard which governed this court's review of the Commissioner's administrative decision. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004); *Damron*, 104 F.3d at 855; *Couch v. Secretary of Health & Human Servs.*, 749 F.3d 359, 360 (6th Cir. 1984); *see also Bates v. Callihan*, No. 96-4208, 1997 WL 588831, at * 1 (6th Cir. Sept. 22, 1997)("[T]he fact that the Commissioner's decision was not supported by substantial evidence does not mean that it was not substantially justified."). The government's position can be substantially justified even if the court determines that the Commissioner's decision was not supported by substantial evidence. *See, e.g., Decker v. Apfel,* No. 02-4021, 2003 WL 21377464, at *1 (6th Cir. June 12, 2003); *Green*, 2002 WL 31780941, at * 1; *Gray*, 2001 WL 1450821, at *1; *Cunningham v. Halter*, No. 00-4034, 2001 WL 1450778, at *1 (6th Cir. Oct. 30, 2001); *Anderson v. Commissioner*, No. 98-6284, 1999 WL 1045072, at * 4 (6th Cir. Nov. 12, 1999).

Upon review, the court finds that defendant has carried its burden of demonstrating that its position was substantially justified. Plaintiff's proof of disability was not overwhelming. Defendant correctly observes that the basis of this court's sentence-four remand order was exceedingly narrow. The court addressed a novel issue in this circuit. As of the date of this memorandum opinion, there is no Sixth Circuit precedent holding that the ALJ must explain his reasons for according any particular weight to a VA 100% disability determination. The ALJ is not required to discuss every piece of evidence in the record. *See Thacker v. Commissioner*, No. 02-6138, 2004 WL 1153680, at * 3 (6th Cir. May 21, 2004) ("An ALJ need not dismiss every piece of evidence in the record for his decision to stand."); *Allison v. Commissioner*, No. 96-3261, 1997 WL 103369, at * 3 (6th Cir. Mar. 6, 1997) ("[N]either precedent nor common sense requires written

discussion of every single piece of evidence."). The social security regulations state that a disability determination by other government agencies is not binding on the Commissioner of Social Security. 20 C.F.R. § 404.1504. The VA and Social Security Administration are completely separate administrative agencies evaluating disability claims under different standards.[4] The administrative law judges conducting hearings and issuing decisions in the social security context are familiar with the applicable legal standards, but lack corresponding experience with regard to the body of law applicable to veteran's claims of service-related disability. Administrative determinations adverse to a claimant are appealed though different courts. On the opposite side of the equation were the two appellate court decisions from outside the Sixth Circuit relied upon by plaintiff: *Chambliss v. Massanari*, 269 F.3d 520 (5th Cir. 2001), and *Morrison v. Apfel*, 146 F.3d 625 (8th Cir. 1998). The Eighth Circuit's decision in *Morrison* essentially created a new requirement in the administrative review process, not based on any particular statutory or regulatory authority, but on concerns regarding the adequacy of the record for appellate review and the court's concerns that the claimant would perceive unfairness in being found totally disabled by the VA, then being found not disabled by the Commissioner, and with the latter's opinion containing no discussion of the total disability finding by the former: "We think [] that the VA finding was important enough to deserve explicit attention. . . . It may be, as the Commissioner suggests, that the ALJ's failure to address the VA's

---

[4]The parties to this lawsuit did not develop, and the court found it unnecessary to make, a detailed comparison of the VA disability determination process and its standards and compare them to the applicable social security disability determination process and its standards. A brief examination of the issue by the court suggested that veterans may enjoy presumptions and preferences in the VA disability determination process that lack legal counterparts in the social security disability determination process. Upon remand, the plaintiff remains free to develop arguments regarding the similarities or differences in processes and standards that may warrant according particular weight to the VA's 100% disability determination.

findings constituted an 'implicit rejection' of the finding of disability by the VA. . . . Nonetheless, an extensive physical examination documenting Morrison's medical problems followed by a finding of a permanent and total disability by another government agency, all of which occupies some thirty pages in the record, merits more than simply an implicit rejection.  If the ALJ was going to reject the VA's finding, reasons should have been given, to enable reasoned review by the courts."   146 F.3d at 628.  The Fifth Circuit's *Chambliss* decision held that, "A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ."  269 F.3d at 522.  The question whether this court should follow the non-circuit *Morrison* and *Chambliss* decisions as persuasive authority was an exceptionally close one.  This court did not lightly engraft onto the disability determination process a new requirement that an ALJ must expressly discuss this particular piece of record evidence or risk having the entire administrative decision overturned.  The court carefully limited its holding to instances where the VA has previously determined that a veteran was 100% disabled and the ALJ's subsequent opinion finding that the claimant is not entitled to social security disability benefits fails to discuss the VA's 100% disability determination.  (Op. at 4-5, docket # 11).  The court finds that defendant has easily carried its burden of demonstrating that the government's position was substantially justified.

## **Conclusion**

For the reasons set forth herein, plaintiff's motion for an award of attorney's fees and litigation expenses under the EAJA (docket # 13) will be denied.

Date:     June 20, 2005              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE